## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**COMMONWEALTH OF**                     )
**MASSACHUSETTS,**                      )
                                        )
         **Plaintiff,**                 )         **Civil Action No.**
                                        )         **16-11028-FDS**
         **v.**                         )
                                        )
**RICHARD B. MARTIN, JR.,**             )
                                        )
         **Defendant.**                 )
_____)


### <u>MEMORANDUM AND ORDER FOR REMAND</u>

**SAYLOR, J.**

On June 3, 2016, Richard B. Martin, Jr., a criminal defendant in a state proceeding, filed

a self-prepared "Notice of Removal" with supporting exhibits, allegedly pursuant to 28 U.S.C. §

1443.   He claims that the Salem District Court, the Essex District Attorney's Office, the Salem

Police Department, and others are violating his constitutional rights because of his race, and

seeks to remove his criminal case, which is pending in the Salem District Court, to this Court.

*See Commowealth v. Martin*, 1536CR002474 (Salem Dist. Ct.).

The criminal case against Martin stems from an incident at the Red Line Café in Salem,

Massachusetts, on August 19, 2015.   Martin alleges that he was intending to buy a cup of coffee

at the café; however, he did not like to drink hot liquids from plastic cups, so he asked a server

about the process of preparing iced coffee.   He alleges the server was rude to him and he

demanded that she not be rude.   He then attempted to leave the café.   He alleges that as he was

leaving, an unknown male charged from behind the counter and acted as if he might strike him.

Martin then sat down at a table to show that he could not be bullied.   Thereafter, he proceeded to

leave the café, but the unknown male stated he should wait for the police.

About 10 to 15 minutes later, as Martin was walking in an area near Federal Street, he

heard someone yelling at him.  He turned and saw a police vehicle.  He alleges that a Salem police officer shouted from the car window; however, Martin did not want to talk with him so he continued walking.  The police officer got out of the car and approached him.  Martin alleges that he was standing very close to him, making him uncomfortable.  He requested that a supervisor come to the scene and one was called.  Another police officer then arrived on the scene.  Martin alleges that this officer also invaded his personal space by standing too close to him, making him uncomfortable, and shouting and jabbing at his bare chest.  A third police officer then arrived on the scene.  Martin was placed in handcuffs and taken to the police station. He was told he was arrested for assaulting someone from the Red Line Café.

Martin alleges that during the booking process, he was threatened with physical harm by a female doing computer entry.  Further, presumably in connection with a strip search, Martin alleges that one of the officers grabbed his penis and brushed against his right buttocks before he was permitted to put his shirt back on.

Martin further alleges that one of the guards at the Salem District Court started to harass him and pushed him while he had his arms and legs shackled.  As a result, his head hit the concrete floor and he sustained a concussion.  Martin alleges that this clearly was an attempted homicide.  He also alleges that the security guards and court staff harassed him and violated his due process rights.  Specifically, he states he was harassed at the security checkpoint and at one of the hearings, at which time a guard ended the hearing over his objection.  Martin also alleges that he has heard from court staff and the Essex District Attorney's Office that he is known around the Salem District Court to be a racist.

With respect to the criminal proceedings, Martin alleges that the Salem District Court has not issued any explanation for denying his motions, nor has the District Attorney's Office filed any written opposition to his motions.  He further alleges fraud by the Salem Police Department in connection with the incident report surrounding the arrest.  He takes issue with, among other things, statements in the report indicating that, at the time of arrest, he acted strangely, smelled

2

of alcohol, yelled at an officer, clenched his fist causing the policeman to fear for his safety, and alarmed several members of the public.  He alleges that he filed internal complaints against ten members of the Salem Police Department but the matter has not been investigated properly.

Martin alleges removal is proper because it has been more than 30 days since his arraignment and his rights have been violated because of his race.  He also alleges that he suffers from post-traumatic stress syndrome, causing him to be confused, but he now understands the situation.

## I.     <u>Discussion</u>

This Court's removal jurisdiction for criminal cases is very limited, and the prosecution of Martin does not fall within any of the few categories of state criminal actions that may be removed to a federal district court.  *See* 28 U.S.C. § 1442-1443.

Under § 1442, removal of a criminal prosecution is permissible where it is against an officer of the United States or a member of the armed forces and the prosecution is for acts committed within the scope of those positions.  *See* 28 U.S.C. §§ 1442, 1442a.  Those statutes clearly do not apply to the prosecution against Martin.

Under § 1443(1), a criminal prosecution may be removed if the defendant "is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  Although Martin alleges that he is being denied due process because of his race, the Supreme Court has held that § 1443(1) only applies where "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."  *Id.*  Here, Martin does not suggest the prosecution against him violates a federal law concerning racial equality.  Indeed, Martin makes

only two references to race.  First, he alleges that he is subject to constitutional violations by the police and court staff because of his race.  He does not state what his race is, nor does he provide any facts to show how race played a role in the arrest and prosecution based on the incident at the Red Line Café.  Second, he alleges that he has heard from court staff and the Essex District Attorney's Office that he is known around the Salem District Court to be a racist.  Without more, these allegations are insufficient to meet the requirements of § 1443(1).

Congress has also provided for removal jurisdiction in criminal prosecutions for "any act under color of authority derived from any law providing for equal rights."  28 U.S.C. § 1443(2).  Despite the somewhat broad language of the statute, the Supreme Court has held that it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).  Under the circumstances here, § 1443(2) is clearly inapplicable.

Accordingly, because the state prosecution of Martin does not fall within the scope of criminal prosecutions that may be removed to this Court, the Court lacks jurisdiction over this action.

## II.    Conclusion

For the foregoing reasons, it is hereby ordered that Martin's Notice of Removal (treated as a petition for removal) is DENIED and this action is REMANDED to the Salem District Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: June 21, 2016